StoNE, J.
Two grounds are relied upon for the reversal of the judgment in this case:
First—That the Court allowed “the attorney of the defendants” below to withdraw from the case, and proceeded to trial and judgment without notice to the clients of said attorney that their attorney had withdrawn, and without “admonishing said attorney of his duty.”
We have never understood it to be the legal duty of a Court, in civil cases, to see that the litigants were supplied with attorneys in every stage of the proceedings, and to be held responsible for an omission of such duty. Undoubtedly it is within the discretion of the Court to delay proceedings in a cause, where, without the fault of a party therein, an attorney unexpectedly withdraws from the case to the injury of his client, but the discretion of the Court, either exercised or in refusing to act therein is not ground for error.
*60 The argument of counsel in this Court proceeds upon the assumption that the attorney complained of was the sole attorney of plaintiffs in error in the Court below, but the record shows that he was one of four attorneys who appeared therein for plaintiff's in error.
The second ground of error assigned is, that the case was tried to the Court, and that, inasmuch as it involved issues of fact, the plaintiff's in error were entitled to a trial by jury. The record shows that the defendants below—the plaintiffs in error here—failed to appear at the trial, and that the plaintiff below expressly waived a trial by jury, and thereupon the trial was heard by the Court. Such proceeding is specifically provided for by section 184 of the Code, in the following language :
“ Trial by jury may be waived by the several parties to an issue of fact, in actions arising on contract, and with the assent of the Court, in other actions in the manner following:
“First—By failing to appear at the trial.
“Second—By written consent, in person or by attorney, filed with the clerk.
“ Third—By oral consent, in open Court, entered in the minutes.
“ The Court may prescribe, by rule, what shall be deemed a waiver in other cases.”
There is a mistake in the punctuation of this section as • printed in the Code, and we have given, in the foregoing quotation, the punctuation of the original act, as set out by an exemplified copy, filed by counsel for defendant in error.
Counsel for plaintiff in error submit the rather remarkable proposition that the right of trial by jury, being a constitutional right (see Sec. 23, Bill of Bights, Constitution of Colorado, Art. II), cannot be dispensed with. It is scarcely.necessary for us to even announce what we have understood to be a doctrine so well settled and familiar to the profession that, in civil proceedings at least, a party may waive a right which exists solely for his own benefit. And this, too, whether the right is given either by statute or by the constitution. Sedg-wick Statutory and Constitutional Law, 88. ■
Besides, if, under any of the alleged errors herein complained of, the plaintiffs in error were entitled to any possible *61 relief, an ample remedy was afforded under section 75 of the Code, upon application of the party aggrieved to the Court below, or the Judge thereof, within five months after the adjournment of the term, for relief “from a judgment, order or other proceeding taken against him through mistake, inad-vertance, surprise or excusable neglect;” and in this case, the Court, upon its own motion, as the record before us discloses, ordered a stay of the judgment rendered for thirty days from the date of rendition, “to give the defendants an opportunity of moving to set aside the judgment, if they see fit to do so.”
Wells, Smith & Macon, for. plaintiffs in error.
C. S. Wilson and Browne & Putnam, for defendant in error.
There is, therefore, not only no error disclosed by the record, but it affirmatively appears that the plaintiffs in error have no good cause of complaint upon any of the grounds stated. Judgment affirmed. '